# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUCE GORDON** ) | Case Number: |
| ) | |
| **Plaintiff,** ) | **CIVIL COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC.** ) | |
| **&** ) | |
| **I.C. SYSTEMS, INC.** ) | |
| **&** ) | |
| **EBAY, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### I. Preliminary Statement

1. 1. This is an action for damages brought by plaintiff Bruce Gordon for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"] which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and various other laws of the Commonwealth of Pennsylvania.

### II. Jurisdiction and Venue

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in that the relevant events took place in Glen Mills, Pennsylvania, which is a city within this District.

### III. Parties

4. Plaintiff, Bruce Gordon is an adult individual and citizen of the

Commonwealth of Pennsylvania who resides at 105 Fox Valley Lane, Glen Mills, PA 19342.

5.      Defendant NCO Financial Systems, Inc. (hereafter "NCO")is a business entity that regularly conducts business in Pennsylvania, and which has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6.      Defendant I.C. System, Inc. (hereafter "ICS") is a business entity that regularly conducts business in Pennsylvania, and which has a principal place of business located at 444 Highway 96, East Box 64886, St. Paul, MN 55164.

7.      Defendant Ebay, Inc. is a business entity that regularly conducts business in Pennsylvania, and which has a principal place of business located at 2145 Hamilton Avenue, San Jose, CA 95125.

### IV. Factual Allegations

8.      Bruce Gordon is a consumer as defined by the FDCPA.

9.      Mr. Gordon has an account for purchasing items on defendant Ebay's website, an online auction service.

10.     Mr. Gordon does not sell items on Ebay and uses the site to purchase consumer goods.

11.     On or before April 5, 2007 defendant Ebay sent all of Mr. Gordon's personal and identifying information to NCO and ICS for the purpose of collecting an alleged debt.

12.     On or about April 5, 2007 defendant NCO sent an initial communication to Mr. Gordon, a copy of which is attached hereto as "**Exhibit A**".

13.     On the same date ICS sent a substantially similar letter to Mr. Gordon, a copy of which is attached hereto as "**Exhibit B**".

14. Ebay engaged both defendant debt collectors NCO and ICS to collect the same alleged debt from Mr. Gordon.

15. Both debt collector defendants NCO and ICS engaged in parallel collection activity against the debtor.

16. Both NCO and ICS began a telephone campaign against Mr. Gordon in an attempt to collect the debt.

17. Additionally on April 18, 2007, Ebay wrote to Mr. Gordon indicating that his account balance was 0.00. A copy of the writing is attached hereto as "**Exhibit C**".

18. Despite the fact that Ebay admitted that there was no balance due by the Plaintiff, NCO continued its collection activity and a second letter was sent to Mr. Gordon on April 20, 2007, a copy of which is attached hereto as "**Exhibit D**".

19. Plaintiff stopped receiving phone calls on the matter in May of 2007.

20. Ebay offered no explanation for the misuse of Mr. Gordon's personal information and refused to provide a working phone number to Mr. Gordon so that he may contact an actual living person at the company directly.

21. Absent an explanation or conciliatory remarks Ebay instead sent the matter back out for collection and placed Mr. Gordon's information and alleged debt with ICS for a second time in March 2008.

22. ICS sent a collection notice to Plaintiff on March 7, 2008, a copy of which is attached hereto as "**Exhibit E**".

23. Strikingly, on March 11, 2008 Ebay again confirmed in writing that Mr. Gordon had no account balance. See copy of transcript attached hereto as "**Exhibit F**".

24. As a result of Defendants' conduct, Plaintiff has suffered emotional and mental pain and anguish.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. CLAIMS

### COUNT ONE - FDCPA
### (Plaintiff v. NCO and ICS)

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Defendants, NCO and ICS conduct violated the FDCPA in the following ways:

(a) By making false, deceptive or misleading statements to Plaintiff in telephone calls in connection with a consumer debt alleged due, in violation of 15 U.S.C. §1692e and §1692e(10); and

(b) By causing Plaintiff shock and alarm by sending a letter through the U.S. mail to abuse and harass the Plaintiff in violation of 15 U.S.C. §1692d, and 1692f.

(c) By attempting to collect an amount not authorized by agreement in violation of 15 U.S.C. §1692f(1)

(d) By engaging in parallel collection activity to harass, abuse and oppress the Plaintiff in violation of 15 U.S.C.§1692d;

(e) By providing false credit information and failing to communicate that a debt is disputed to the credit bureau in violation of 15 U.S.C. §1692 e(8)

## COUNT TWO – CPL

### Plaintiff v. All Defendants

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Plaintiff and Defendants Ebay, NCO and CIS are "persons" as defined by § 201-2 of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq. ("CPL").

31. The above described actions by Plaintiff and Defendants constitute "commerce" and the "sale or distribution of any services and any property" as defined by 73 P.S. § 201-2 of the CPL.

32. Pursuant to 15 U.S.C. §1692, any violation of the FDCPA constitutes an unfair or deceptive act or practice in violation of the CPL.

33. Further the Defendants Ebay, NCO and ICS violated the CPL by engaging in the following conduct:

(a) intentionally, willfully, recklessly and negligently failing to follow reasonable procedures to assure maximum possible accuracy in the placing and safeguarding information of the Plaintiff prior to disseminating the information to third parties;

(b) intentionally, willfully, recklessly and negligently failing to properly and timely investigate the inaccurate information disseminated about Plaintiff;

(c) engaging in all other conduct set forth in the foregoing paragraphs; and

34. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages, attorney's fees and costs, as well as other relief, permitted under the law.

## COUNT THREE – INVASION OF PRIVACY/FALSE LIGHT

### (Plaintiff v. Ebay)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant Ebay's above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors, his family and friends who heard the messages placed by the agencies as well as the general public.

37. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant Ebay invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff emotional distress.

38. The conduct of Defendant Ebay was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Ebay is liable to compensate

the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VI. JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o, and 73 P.S. §201-9.2(a);

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted:

/s/ Bruce K. Warren
Bruce K. Warren, Esq.
Warren, Vullings & Vassallo, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800
215-745-7880(fax)